THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIKESHIA MORRISON, On Behalf of Herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ESURANCE INSURANCE CO., a foreign automobile insurance company,<br><br>Defendant. | CASE NO. 2:18-cv-01316 TSZ<br><br>CLASS ACTION<br><br>FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND FOR DAMAGES |

The Plaintiff, by and through her attorneys of record, Badgley Mullins Turner PLLC, Law Office of Ryan C. Nute, PLLC, and Law Office of Randall Johnson, PLLC, allege as follows:

## I. NATURE OF THIS ACTION

1.1    Defendant Esurance Insurance Co. ("Esurance") has engaged in a systematic practice of prematurely and unlawfully depriving its injured claimants of medical benefits under Personal Injury Protection (PIP) coverage. PIP coverage typically promises that the insurer will pay a first-party insured or a third-party beneficiary "reasonable and necessary"

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT AND
DAMAGES - 1

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

medical expenses incurred from bodily injuries sustained in an automobile accident.

1.2     PIP benefits may be terminated by an insurance carrier for only one of four reasons: if treatment is not (1) reasonable, (2) necessary, (3) related to the accident, or (4) incurred within three years of the accident.  WAC 284-30-395(1).  No other reasons for terminating benefit payments are permitted.  Despite this, Esurance has terminated benefit payments to first-party insureds and third-party beneficiaries when it contends that an insured has achieved "maximum medical improvement" ("MMI") for the bodily injury claim.  This action concerns the thousands of consumers who have had their benefits terminated by Esurance under Esurance's use of MMI in terminating their PIP benefits and denying coverage for treatment received by the insured following Esurance's determination that an insured has reached MMI.

## II.  THE PARTIES

2.1     Plaintiff Morrison is, and at all times material hereto was, a resident of King County, Washington.

2.2     Defendant Esurance was, and at all times material hereto is, an automobile insurance carrier licensed to provide insurance under the laws of the State of Washington to Washington residents. Esurance is headquartered in San Francisco, California. Esurance does business in King County, Washington.

2.3     At all times material to this Complaint, Plaintiff was insured under a contract of insurance with Defendant and dutifully paid all premiums.  Plaintiff's coverage was in force on March 6, 2018.  On March 6, 2018, Plaintiff was injured in an automobile accident and in order to obtain treatment for her injuries, opened a PIP claim with Defendant.

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES - 2

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

## III. CLASS ALLEGATIONS

3.1     Plaintiff brings all claims herein as class claims pursuant to Civil Rule 23 and Local Rule 23.  The requirements of these rules are met with respect to the class defined below.

3.2     The class consists of all first party insureds and all third-party beneficiaries of any automobile insurance policies issued by Esurance in the State of Washington, who made a claim for PIP benefits, and Esurance terminated their PIP benefits, limited their benefits, or denied coverage for future treatment of injuries based on Esurance's contention that the insured/beneficiary had reached MMI, or that such treatment or benefits were not essential in achieving MMI for the injuries arising out of the automobile accident.

3.3     Joinder of all members of the class is impractical, as the class consists of several hundred, if not thousands, of persons located in Washington who have been impacted by the Defendant's conduct identified herein.  The exact number of class members can be determined by appropriate discovery.

3.4     There are questions of law and fact that are common to the class, including, but not limited to, the following:

A.     Whether it is lawful for Esurance to terminate or limit benefits based upon a claimant reaching, according to Esurance, "maximum medical improvement."

B.     Whether a Declaratory Judgment should be entered declaring Esurance's pattern or practice of denying coverage on the basis of MMI is unlawful.

C.     Whether Esurance should be enjoined from such further unlawful conduct.

D.     Whether Esurance's conduct damaged class members.

E.     The nature and extent of damages that insureds have suffered as a result of

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT AND
DAMAGES - 3

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

Esurance's pattern or practice of denying claims based on MMI.

F. Whether Esurance's unlawful conduct as alleged in this Complaint extinguishes any contractual or equitable subrogation interest Defendant may have in its insureds' recoveries.

3.5 The interest of Plaintiff in this matter is the same as the interests of the other members of the class. Her claim arises from the same practice and course of conduct that gives rise to the claims of other potential class members.

3.6 Plaintiff is committed to vigorously pursuing this action on behalf of the class and has retained counsel competent to handle class actions of this sort. Plaintiff will fairly and adequately represent the interests of the class members and has no interests that conflict with those of the rest of the class.

3.7 The prosecution of separate actions by members of the class would create a risk of establishing incompatible standards of conduct for Defendant. For example, one court may determine that challenged actions violate Washington law and enjoin them, while another may decide that those same actions are somehow permissible. Similarly, individual actions may be dispositive to the interests of the class.

3.8 Defendant has acted in a consistent manner towards all class members such that a pattern of activity is apparent. That is, Defendant has arbitrarily inserted a fifth element to WAC 284-30-395(1), and denied claims on this basis, which constitutes an unfair practice that affects all class members. Defendant's actions apply to the class as a whole and Plaintiff seeks equitable remedies with respect to the entire class.

3.9 The common questions of law and fact identified above predominate over those questions that affect only individual class members. Moreover, a class action is the

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES - 4

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

superior method for a fair and efficient adjudication of this controversy because Defendant's practice of denying coverage of claims based on MMI is pervasive across many automobile insurance policies which provide for PIP protection.  The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct this litigation, and the likelihood that the insured submitted the treatment Defendant denied to their health insurer for payment.  To Plaintiff's knowledge, no similar cases are currently pending against this Defendant by other members of the class.  Plaintiff's counsel, experienced in class actions, foresees little difficulty managing this case as a class action.

3.10    The prerequisites for maintaining a class action for injunctive relief exist in this case.  If injunctive relief is not granted, great harm and irreparable injury to Plaintiff and other members of the class will continue, and Defendant will continue denying coverage and treatment on the basis of MMI.  The proposed class has no adequate remedy at law for the injuries which will recur, given that Defendant will continue to mislead its first-party insureds and cause them economic and non-economic injuries unless prevented by this Court.  An order, finding money damages alone, would be meaningless to those who will be injured by Defendant's conduct in the future if the challenged conduct is allowed to continue, and for those who rely on Defendant in selecting an insurance provider and seeking care for their injuries arising out of an automobile accident.

## IV. VENUE AND JURSIDICTION

4.1    This Court has jurisdiction over Plaintiff's claims pursuant to RCW 2.08.010, which grants the Superior Court with jurisdiction to hear disputes of this type.

4.2    This Court has jurisdiction over Defendant because Defendant is authorized to conduct business in the State of Washington and does transact business in Washington

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES - 5

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

through the sale of insurance policies.

4.3     Venue is proper in King County under RCW 4.12.025 since Defendant transacts business in King County, the insured resides in King County, and many of the alleged violations of law occurred in King County.

## V.  STATEMENT OF FACTS AS TO PLAINTIFFS.

5.1     Defendant is a foreign insurer who is licensed to provide automobile liability insurance in the State of Washington and does provide automobile liability insurance in the State of Washington. Defendant's automobile policies include optional coverage for Personal Injury Protection ("PIP"). Defendant's promise of PIP coverage states in pertinent part, "In return for '**your**' premium payment for Personal Injury Protection, and subject to the Limits of Liability, if '**you**' pay the premium for Personal Injury Protection, '**we**' will pay the benefits an '**insured**' is entitled to pursuant to Washington Personal Injury Protection law because of '**bodily injury**.'" (emphasis in original) These payments are available for up to three years for bodily injury sustained in an automobile accident. The PIP payments include "[m]edical and hospital benefits" which the policy defines as, "payments for all reasonable and necessary expenses incurred by or on behalf of the '**insured**' within 3 years from the date of the 'accident' for necessary health care services related to the 'accident' and provided by persons licensed to render such services[.]" (emphasis in original).

5.2     Insurance regulations in Washington limit the reasons for which an insurer can terminate, limit, or deny PIP benefits. These regulations authorize an insurer to terminate, limit, or deny PIP benefits:

(1) if the treatment is not reasonable;

(2) if the treatment is not necessary:

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT AND
DAMAGES - 6

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

(3) if the treatment is not related to the motor vehicle accident; or

(4) if the treatment was not incurred within three years of the date of the motor vehicle accident.

5.3   No other grounds for terminating, limiting, or denying PIP benefits may be used.

5.4   Despite the clear regulations, Defendant has terminated, limited, or denied its first-party insureds and third-party beneficiaries PIP benefits while they were still receiving treatment for injuries by arguing that the treatment, and any future treatment, was unnecessary since the claimant had reached maximum medical improvement.  Defendant argues that once maximum medical improvement has been reached, further medical treatment would be unreasonable, unnecessary, or unrelated to the accident.

5.5   By inserting MMI as a basis for terminating, limiting, or denying PIP benefits, Defendant is engaging in a scheme to manufacture a defense to first-party and third-party beneficiary claims.

5.6   Defendant has a duty to act in good faith.

5.7   Plaintiff purchased an automobile policy from Defendant and paid all sums due and owing to maintain coverage.  Plaintiff purchased PIP coverage offered by Defendant.  Her policy, and PIP coverage, was in effect on March 6, 2018, the date in which she was involved in an accident with the Plaintiff.

5.8   On March 6, 2018, Plaintiff was involved in an automobile accident and was injured.  She opened a PIP claim with Defendant and sought treatment for her injuries.

5.9   Plaintiff was treated for her injuries beginning in March of 2018.

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES - 7

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

5.10    Plaintiff engaged in chiropractic and massage therapy from March 2018 to June of 2018.

5.11    Plaintiff was treated at Kirkland Chiropractic and Massage during the period of March 2018 to June 2018.

5.12    While Plaintiff was receiving PIP benefits, Esurance requested that Plaintiff undergo a medical examination for determining, among other things, whether she had reached, in the eyes of her insurer, "maximum medical improvement" or MMI.

5.13    Esurance then terminated Plaintiff's PIP benefits, contending that she had reached MMI as of June 6, 2018 and therefore, no further treatment would be deemed reasonable or necessary or otherwise recoverable from Esurance's PIP coverage.

5.14    Esurance's PIP benefits were then terminated by Esurance despite the fact Plaintiff needs ongoing and continuing medical treatment.

5.15    On June 17, 2018, Plaintiff Morrison, through her attorneys of record, notified the Defendant and the insurance commissioner of the basis for this cause of action against Defendant.

5.16    On August 6, 2018, more than twenty days from June 17, 2018, the Complaint in this action was filed.

### FIRST CAUSE OF ACTION- DECLARATORY RELIEF

6.1    Plaintiff incorporates all preceding paragraphs.

6.2    Plaintiff and the Class are entitled to PIP benefits under automobile policies with PIP benefits.

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES - 8

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

6.3     Defendant terminated, limited, or denied PIP coverage under an automobile policy with PIP coverage benefits utilizing maximum medical improvement as a reason for the denial.

6.4     An actual and justiciable controversy has arisen and now exists between the Class and Defendant concerning Defendant's use of MMI as a basis for terminating, limiting, or denying PIP benefits.  The Class is entitled to a judicial declaration from this Court of the rights of the Class and obligations of Defendant under the policy.  The Class is entitled to a judicial declaration that Defendant has acted in bad faith by misrepresenting policy provisions, failing to disclose all pertinent benefits, and compelling policy holders to initiate or submit to litigation to recover amounts due under the policy.  This action is timely and appropriate under applicable law.

## SECOND CAUSE OF ACTION- BREACH OF CONTRACT

7.1     Plaintiff incorporates all preceding paragraphs.

7.2     The automobile policy held by Plaintiff and the Class entitled them to receive certain benefits, including coverage for medical expenses that were reasonable, necessary, related to the accident, and incurred within three years of the date of the accident.

7.3     Defendant has breached its contract with Plaintiff and the Class by refusing to pay PIP benefits that were reasonable, necessary, related to the accident, and incurred within three years of the date of the accident, by alleging that Plaintiff and the Class had reached maximum medical improvement.  Plaintiff and the Class are entitled to recover damages proximately caused by the breach, plus pre-judgment interest.

## THIRD CAUSE OF ACTION- INSURANCE FAIR CONDUCT ACT VIOLATIONS/BAD FAITH

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES - 9

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

8.1     Plaintiff incorporates all preceding paragraphs.

8.2     RCW 48.30.015 provides that any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs for violations of specified insurance statutes and regulations.

8.3     Defendant has breached applicable regulations, including but not limited to:

- Terminating, limiting, or denying PIP coverage in violation of WAC 284-30-355(1) by using MMI as a criterion for terminating PIP benefits.

- Misrepresenting pertinent facts or insurance policy provisions in violation of WAC 284-30-330 (1) by misrepresenting pertinent facts or insurance policy provisions relating to PIP coverage.

- Refusing to pay PIP benefits without conducting a reasonable investigation in violation of WAC 284-30-330(4), including, but not limited to, investigating whether Defendant was entitled to terminate, limit or deny PIP benefits on the basis of MMI, using MMI as a pre-textual basis for terminating benefits, and not examining whether Plaintiff's claims for PIP benefits were valid under the four criteria authorized for terminating benefits under Washington law

- Forcing Plaintiff and its insureds to initiate litigation in order to obtain policy benefits in violation of WAC 284-30-330(7).

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES - 10

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

- Breaching statutory and common law duties to act in good faith by denying valid claims on a basis that any reasonable investigation would have proven to be an insufficient reason for denying coverage.

8.4    Defendant's denial of Plaintiff's future treatment misrepresents pertinent facts or insurance policy provisions;

8.5    Plaintiff and the Class are entitled to recover damages, including attorney fees, prejudgment interest, and exemplary damages as a result of Defendant's violations.

**FOURTH CAUSE OF ACTION- CONSUMER PROTECTION ACT VIOLATIONS**

9.1    Plaintiff incorporates all preceding paragraphs.

9.2    The business of insurance affects the public interest.

9.3    This policy was intended to provide coverage for personal injury protection. Defendant is charged with paying PIP claims that are reasonable, necessary, related to the accident, and incurred within three years of the date of the accident.

9.4    Defendant has engaged in unfair, misleading, and deceptive acts by inserting maximum medical improvement as an additional reason for terminating PIP benefits, and in using MMI as a basis for arguing that care or treatment is not reasonable, is not necessary, or is not related to the accident.

9.5    Defendant's conduct violates the Consumer Protection Act, RCW 19.86 *et seq*.

9.6    Plaintiff and the Class have been damaged as a result of these violations, and Plaintiff and the Class are entitled to recover their damages, including attorney fees, prejudgment interest, and exemplary damages.

**FIFTH CAUSE OF ACTION- COMMON LAW BAD FAITH**

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES - 11

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

10.1  Plaintiff incorporates all preceding paragraphs.

10.2  RCW 48.01.030 requires each insurer to act in good faith toward its insured. Defendant misrepresented policy and statutory provisions and, among other things, structured its investigation of Plaintiff's PIP claim to manufacture a basis for denying coverage.

10.3  Specifically, by inserting MMI into the evaluation of Plaintiff's claims for PIP benefits, Defendant is elevating its own financial interests--avoiding the financial obligation of paying a claim—over that of its first-party insured or third-party beneficiaries, the PIP benefit.

10.4.  Defendant's conduct is egregious and pervasive, and without regard to the medical needs of its first-party insureds or third-party beneficiaries.

10.5  Defendant's conduct violates the common law duty of an insurer acting in good faith.

10.6  As a result, Plaintiff and the Class are entitled to recover damages, including attorney fees, prejudgment interest, and exemplary damages.

**SIXTH CAUSE OF ACTION – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

11.1  Plaintiff incorporates all preceding paragraphs.

11.2  Defendant has breached the implied covenant of good faith and fair dealing owed to Plaintiff and the Class.

11.3  Plaintiff and the Class have been damaged as a result of Defendant's use of MMI as a criterion in terminating, limiting, or denying PIP benefits.

11.4  Plaintiff and the Class are entitled to recover their actual and consequential damages including their attorney fees and pre-judgment interest.

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES - 12

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

## VI.  DEMAND FOR JURY

12.1    Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.  In the event this matter is removed, then this prayer for a jury trial should be construed as a demand for jury under Rule 81.

## VII.  PRAYER FOR RELIEF

WHEREFOR, the Plaintiff prays for the following relief:

1. For an order certifying the class and permitting the case to be prosecuted as a class action.

2. A declaration that Esurance has violated and continues to violate Washington Law, including, but not limited to the Consumer Protection Act, the Insurance Fair Conduct Act, and Washington Insurance Regulations by inserting MMI as a criterion for terminating, limiting, or denying PIP claims.

3. A declaration that Esurance, by committing the acts alleged in this Complaint, has breached and continues to breach its insurance contracts with Plaintiff and the Class.

4. A declaration that, by committing the acts alleged in this Complaint, Defendant has acted in bad faith and continues to commit the tort of bad faith in its handling of insurance claims.

5. A declaration that, by committing the acts alleged in this Complaint, Defendant has violated the Insurance Fair Conduct Act.

6. A declaration that, by committing the acts alleged in this Complaint, Defendant has violated the Consumer Protection Act.

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES - 13

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

7. A declaration that, by committing the acts alleged in this Complaint, Defendant has breached the implied covenant of good faith and fair dealing.

8. A declaration that, by committing the acts alleged in this Complaint, Defendant has extinguished its right to claim subrogation/reimbursement on payments made on the insured's PIP claims.

9. An injunction, requiring Defendant to immediately cease and desist from utilizing MMI, in name or in substance, as a basis for terminating, limiting, or denying PIP claims.

10. An award to Plaintiff and the Class for all damages, namely the amount of any and all medical expenses incurred by claimants following Defendant's denial of PIP benefits using MMI as a criterion for the termination, limitation, or denial of future benefits, together with any and all enhancements provided by statutes, pre-judgment interest, and attorney fees awarded by statutes and under *Olympic Steamship*.

11. Repayment to its insureds of the subrogation payments received by Defendant on behalf of its insureds for PIP benefits paid.

12. An award to Plaintiff and the class for all damages incurred and proven at trial.

13. An award of treble damages under the Insurance Fair Conduct Act and all allowable enhanced damages under the Consumer Protection Act.

14. A waiver of Defendant's subrogation interest in repayment of PIP claims in which treatment was unlawfully denied, limited, or terminated.

15. Any and all further relief as the Court may deem just and equitable.

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES - 14

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

DATED this 12th day of September, 2018.

    BADGLEY MULLINS TURNER PLLC

    /s/Duncan C. Turner
    Duncan C. Turner, WSBA No. 20597
    Daniel A. Rogers, WSBA No. 46372
    19929 Ballinger Way NE, Suite 200
    Seattle, WA 98155
    Telephone:  (206) 621-6566
    Facsimile:   (206) 621-9686
    Email:  duncanturner@badgleymullins.com
    **Attorneys for Plaintiffs and Class**

    LAW OFFICE OF RANDALL C. JOHNSON, PLLC

    /s/Randall C. Johnson, Jr.
    Randall C. Johnson, Jr., WSBA No. 24556
    P.O. Box 15881
    Seattle, WA 98115
    Telephone: (206) 890-0616
    Email: rcjj.law@gmail.com
    **Attorneys for Plaintiffs and Class**

    LAW OFFICE OF RYAN C. NUTE, PLLC

    /s/Ryan C. Nute
    Ryan C. Nute., WSBA No. 32530
    19929 Ballinger Way NE, Suite 200
    Telephone: (206) 330-0482
    Email: ryan@rcnutelaw.com
    **Attorneys for Plaintiffs and Class**

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES - 15

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686