# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

MIKESHIA MORRISON, on behalf of herself and all others similarly situated,

Plaintiff,

v.

ESURANCE INSURANCE CO., a foreign automobile insurance company,

Defendant.

C18-1316 TSZ

ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Class Certification and Appointment of Class Counsel and Class Representatives, docket no. 57. The Court held oral argument on January 24, 2020. Having reviewed all papers filed in support of and in opposition to the motion and considered the arguments of counsel, the Court DENIES class certification.

**<u>Background</u>**

Plaintiff Mikeshia Morrison ("Morrison" or "Plaintiff") was injured in an automobile collision on March 6, 2018. Morrison Decl., docket no. 62, ¶ 3. As a result of the collision, Morrison sustained injuries to her neck, spine, and back. *Id.* ¶ 4.

ORDER - 1

Morrison submitted a Personal Injury Protection ("PIP") claim with her insurer, Esurance Insurance Company ("Esurance" or "Defendant") seeking wage loss and medical benefits. Gribble Decl., docket no. 64, ¶ 4. Esurance paid more than $16,000 in connection with Plaintiff's claim. *Id.*

Esurance requested Morrison undergo an independent medical exam to determine whether Morrison had reached Maximum Medical Improvement ("MMI"). Morrison Decl., docket no. 62, ¶ 7. After Morrison's June 6, 2018 examination, the examiner issued a report, finding in pertinent part that "Ms. Morrison is at maximum medical improvement. There [are] no positive objective findings observed during this examination that physiologically will identify her symptoms." Rogers Decl., docket no. 59-1 at 10, Ex. A.

On June 7, 2018, the Washington Supreme Court issued its decision in *Durant v. State Farm Mut. Auto. Ins. Co.*, 191 Wn. 2d 1 (2018). In *Durant*, the Washington Supreme Court answered two certified questions[1] concerning (1) whether an insurer violates the Washington Administrative Code (hereinafter "WAC") Section 284-30-395(1)[2] if that insurer "denies, limits, or terminates an insured's medical or hospital

---

[1] The district court certified the two questions after granting class certification in *Durant v. State Farm Mut. Auto. Ins. Co.*, 2017 WL 950588 (W.D. Wash. Mar. 9, 2017). In *Durant*, Plaintiff sought class certification against State Farm based on its use of the MMI standard to deny coverage for personal injury claims. *Id.* at 2. State Farm used reason codes to deny and limit insured benefits. *Id.* at 4.

[2] The WAC provides in pertinent part that "the insurer may deny, limit, or terminate benefits if the insurer determines that the medical and hospital services: (a) Are not reasonable; (b) Are not necessary; (c) Are not related to the accident; or (d) Are not incurred within three years of the automobile accident. These are the only grounds for denial, limitation, or termination of medical and hospital services permitted." WAC 284-30-395(1).

ORDER - 2

benefits claim based on a finding of MMI," and (2) whether the term MMI is consistent with the terms "reasonable" and "necessary" as they appear in WAC 284-30-395(1). *Id.* at 7. The court held that "an insurer violates WAC 284-30-395(1)(a) or (b) if that insurer denies, limits, or terminates an insured's medical or hospital benefits claim based on a finding of 'MMI.'"[3] *Id.* at 18-19. The court further held that the only bases upon which insurance companies can deny, limit, or terminate PIP benefits are when treatment is not (1) reasonable, (2) necessary, (3) related to the accident, or (4) incurred within three years of the accident. *Id.* at 14.

On June 14, 2018, an Esurance claims representative emailed Morrison's attorney stating that "[b]ased on the [medical examiner's] report, it does not appear further wage loss benefits would be owed under this loss, as your client is deemed at MMI for her motor vehicle injury." Rogers Decl., docket no. 59-2, Ex. B. On June 15, 2018, the Esurance claims representative "drafted" a discontinuation of benefits letter, which she sent to her supervisor. Gribble Decl., docket no. 64, ¶ 7. The draft letter stated that "[b]ased on the findings in the [medical examiner's] report, Manipulative Therapy, Massage Therapy, and Chiropractic Treatment were found not to be medically necessary and related to the motor vehicle accident in question. Esurance Insurance Company has determined that further benefits under your First Party Medical coverage [are] no longer

---

[3] At oral argument, counsel disagreed regarding whether the *Durant* court held that insurers violate WAC 284-30-395(1) when they terminate benefits based on a finding of MMI or whether *Durant* prohibits the use of MMI as one of the many bases for terminating medical benefits. Although the Court believes the former reading is the clear conclusion of the Washington Supreme Court, the Court reaches the same result regardless of the reach of *Durant*.

reasonable, necessary or related . . . ." Gribble Decl., docket no. 64-3, Ex. C. The draft letter did not include the use of the term "MMI." In response to the draft letter, the Esurance supervisor stated, "[w]ill hold until after WA new case discussion on Mon...fyi...thanks." Rogers Decl., docket no. 59-3, Ex. C.

On June 20, 2018, the Esurance claims representative emailed her supervisor stating, "Circling back on this one. In my discontinuation letter, I didn't use the term 'MMI.' Dr[.] states no further treatment is necessary or related." *Id.* In response, the supervisor stated, "Yes good to go…good job w/wording and not using MMI…ok to discontinue." Rogers Decl., docket no. 59-4, Ex. D. That same day, Esurance sent Morrison a letter discontinuing further benefits. Morrison Decl., docket no. 62-2, Ex. B. Morrison contends that she continues to suffer from pain in her pelvis, hip, stomach, neck, and back. Morrison Decl., docket no. 62, ¶ 9.

On August 6, 2018, Plaintiff filed a class action against Esurance in King County Superior Court based on Esurance's use of the MMI standard to deny and limit her coverage. Docket no. 1. Esurance removed the action to this Court on September 6, 2018. *Id.* Plaintiff amended her complaint to include six causes of action for declaratory relief, breach of contract, Insurance Fair Conduct Act ("IFCA") violations/bad faith, Washington Consumer Protection Act ("CPA") violations, common law bad faith, and breach of the implied covenant of good faith and fair dealing. Docket no. 8.

Plaintiff now seeks to appoint class counsel and to certify a class comprised of:

> All first party insureds and all third-party beneficiaries of any automobile insurance policies issued by Esurance in the State of Washington, who made a claim for PIP benefits and Esurance terminated their PIP benefits, limited their

benefits, utilized MMI in the adjustment of PIP benefits, or denied coverage for future treatment of injuries based on Esurance's contention that the insured/beneficiary had reached MMI, or that such treatment or benefits were not essential in achieving MMI for the injuries arising out of the automobile accident.[4]

Motion for Class Certification, docket no. 57 at 10.

By Minute Order dated April 17, 2019, the Court granted Plaintiff discovery related to class certification. Docket no. 35. As a result, the parties were able to provide the Court with Defendant's records relating to their decisions to limit or terminate the benefits of possible class members.

## Discussion

### A. Standard for Class Certification

Rule 23 operates as "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). To maintain a class action, a plaintiff must "affirmatively demonstrate" compliance with

---

[4] At oral argument, the Court provided counsel with narrowed language for a possible class definition as follows:

> All Esurance insureds in the state of Washington who, from August 6, 2012 to August 6, 2018, had a Personal Injury Protection (PIP) claim denied, terminated, or limited by Esurance based in part on the ground that they had reached Maximum Medical Improvement.

Plaintiff's counsel indicated that Plaintiff's only objections to the Court's proffered definition were that it did not include third parties or those class members where Esurance merely used MMI in the claims handling process. As to Plaintiff's first objection, however, based on Esurance's own policy, "insureds" includes third party vehicle occupants and pedestrians struck by the insured's vehicle. Rogers Decl., docket no. 59-5 at 5, Ex. E. Regarding Plaintiff's second objection, it is not clear whether the mere use of MMI in claims handling constitutes a violation of WAC 284-30-395(1) under *Durant*. The *Durant* court held that *limiting or denying* benefits based on a finding of MMI violates the WAC. *Durant*, 191 Wn. 2d at 18. The *Durant* court did not expressly hold that the mere mention of MMI would constitute a violation. Defendant objected to any class definition and specifically objected to the "based in part" language proposed by the Court.

ORDER - 5

Rule 23. *Comcast Corp.*, 569 U.S. at 33 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). Before a class may be certified, plaintiff must prove (1) the class is so numerous that joinder of all members is impracticable; (2) questions of law or fact common to the class exist; (3) the representative's claims are typical of the claims of the class; and (4) the representative will "fairly and adequately" protect the interests of the class. Fed. R. Civ. P. 23(a).

If Plaintiff satisfies the Rule 23(a) requirements, she must also show, through evidentiary proof, that the proposed class action meets at least one of the provisions of Rule 23(b). *Comcast Corp.*, 569 U.S. at 33. This analysis is "rigorous" and may "entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc.*, 564 U.S. at 351. Plaintiff seeks certification under Rule 23(b)(2) & (3).

**B. Rule 23(a)**

    **1. Numerosity**

Plaintiff's proposed class satisfies the numerosity requirement of Rule 23(a). Plaintiff attached sample coverage denial letters purportedly showing that Esurance used an MMI standard to adjust, limit, or deny PIP benefits. Rogers Decl., docket no. 70, ¶ 4. Defendant contends that the vast majority of the attached letters do not show that Esurance used an MMI standard to deny PIP benefits. The Court has reviewed the letters and concluded that there are sufficient possible claimants to satisfy the numerosity requirement. *Mortimore v. F.D.I.C.*, 197 F.R.D. 432, 435 (W.D. Wash. 2000).

### 2. Commonality

Plaintiff satisfies the commonality requirement of Rule 23(a). The commonality prong requires the presence of "questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2). This requirement has been "construed permissively," such that not all legal and factual questions must be the same. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc.*, 564 U.S. 338. "The existence of shared legal issues with divergent factual predicates is sufficient." *Id.* Rule 23(a)(2) may be satisfied by "a single significant question of law or fact." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012).

Here, Plaintiff alleges that "common questions are raised" "apt to drive the resolution of the litigation." Motion for Class Certification, docket no. 57 at 15. Specifically, there is a common question for all class members: did Esurance deny, limit, or terminate benefits in violation of WAC 284-30-395? The answer to this common question will "drive the resolution of this litigation." *Parsons v. Ryan*, 754 F.3d 657, 684 (9th Cir. 2014).

### 3. Typicality

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 984 (9th Cir. 2011) (internal quotations omitted). Plaintiff satisfies the typicality requirement.

Defendant asserts that Plaintiff's claims are not typical because her termination of benefits letter does not mention MMI and instead states that treatment is not medically necessary or related to her accident. Defendant's Opposition, docket no. 63 at 22-23. Plaintiff's denial of benefits letter did not include the explicit use of the term MMI. As a result of the discovery of Defendant's internal records, however, Plaintiff has offered evidence that Defendant terminated her claim using the MMI standard.[5] Although class members' claims will include a unique set of facts based upon individual injuries, that does not negate the common nature of those claims for the purpose of the typicality analysis. *Parsons*, 754 F.3d at 685 ("Thus, '[t]ypicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought.'") (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). The Court concludes that Plaintiff satisfies the typicality requirement under Rule 23(a).

### 4. Adequate Representation

Courts consider two questions to determine whether the adequacy requirement is met: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020. Defendant does not

---

[5] Esurance initially decided to deny Plaintiff's benefits on the explicit basis that she had reached MMI. Rogers Decl., docket no. 59-2, Ex. B. Though Esurance excluded reference to the term MMI from the denial letter that they eventually sent to Plaintiff, the exclusion appeared to be motivated by an internal company discussion of *Durant*. *See* Exs. C & D to Rogers Decl., docket nos. 59-3 & 59-4.

present credible evidence that Plaintiff or her counsel have conflicts or will fail to prosecute this action vigorously on behalf of the class.[6]

### C. Rule 23(b)(2)

Rule 23(b)(2) contemplates class treatment where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Plaintiff seeks to certify a Rule 23(b)(2) class because "Esurance has subjected all Class members to common issues of denial of PIP benefits relying on MMI in violation of WAC 284-30-395." Motion for Class Certification, docket no. 57 at 20. Plaintiff contends that the class members are entitled to common injunctive relief requiring Esurance to adjust its claims using only the standards set forth in WAC 284-30-395(1). *Id.*

Plaintiff's reliance on Rule 23(b)(2) fails. Plaintiff seeks primarily monetary, rather than injunctive relief. A class for monetary damages cannot be sustained under Rule 23(b)(2) unless the monetary relief is merely incidental to injunctive or declaratory relief. *Wal-Mart Stores, Inc.*, 564 U.S. at 360-61. Injunctive relief requiring Esurance to comply with WAC 284-30-395(1) and award insured class members retroactive PIP benefits would also involve an individualized damages inquiry. *Id.* (Rule 23(b)(2)

---

[6] Defendant contends that Plaintiff is an inadequate representative because she is pursuing claims against the at-fault driver to recover some of the same damages she seeks in this action. Other members of the putative class may also be seeking damages against parties involved in their respective accidents. Plaintiff's involvement in other litigation does not prevent her from being an adequate representative in this case.

ORDER - 9

1 "applies only when a single injunction or declaratory judgment would provide relief to
2 each member of the class . . . it does not authorize class certification when each class
3 member would be entitled to an individualized award of monetary damages"). To
4 calculate the benefits owed to each class member, the Court would have to review
5 individual medical files and affidavits. *Fosmire v. Progressive Max Ins. Co.*, 277 F.R.D.
6 625, 636 (W.D. Wash. 2011) (Rule 23(b)(2) class damages "'should at least be capable of
7 computation by means of objective standards and not dependent in any significant way
8 on the intangible, subjective differences of each class member's circumstances'")
9 (quoting *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 415 (5th Cir. 1998)).

10 Further, Esurance represents that it no longer uses an MMI standard to deny,
11 terminate, or limit PIP benefits claims. After the *Durant* decision, Esurance implemented
12 a formal prohibition against its adjusters using MMI as the basis for denying or
13 terminating benefits. *See* Gribble Decl., docket no. 64, ¶ 23. Any request for injunctive
14 relief is therefore moot. Plaintiff has failed to show any likelihood of the harm
15 reoccurring. *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 525 (5th Cir. 2007)
16 ("Rule 23(b)(2) certification is also inappropriate when the majority of the class does not
17 face future harm."). Rather, this action leaves monetary claims for damages the
18 predominant issue. The Court therefore declines to certify a class under Rule 23(b)(2).

19 **D. Rule 23(b)(3)**

20 Plaintiff also seeks certification under Rule 23(b)(3). A class may be certified
21 under this subdivision if: (1) common questions of law and fact predominate over
22 questions affecting individual members and (2) a class action is superior to other means

23

to adjudicate the controversy. Fed. R. Civ. P. 23(b)(3). This requirement ensures that "proposed classes are sufficiently cohesive to warrant adjudication by representation." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 545 (9th Cir. 2013) (quoting *Hanlon*, 150 F.3d at 1022).

 1. Predominance

To satisfy the predominance requirement, common questions of law and fact must be "a significant aspect of the case . . . [that] can be resolved for all members of the class in a single adjudication." *Mazza*, 666 F.3d at 589 (quoting *Hanlon*, 150 F.3d at 1022). Rule 23(b)(3)'s predominance criterion is even more demanding than Rule 23(a). *Amchem Prods. v. Windsor*, 521 U.S. 591, 623-24 (1997). The Court must analyze each of Plaintiff's claims separately to determine whether common questions of law and fact predominate. *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011).

Central to each of Plaintiff's six causes of action is whether Esurance used the MMI standard to deny, limit, or terminate claims in violation of WAC 284-30-395(1). That common issue will resolve most of the elements of the six alleged causes of action. *See Durant v. State Farm Mut. Auto. Ins. Co.*, 2017 WL 950588, at *5 (W.D. Wash. Mar. 9, 2017) (proposed class satisfied predominance requirement in class action asserting IFCA, CPA, and breach of good faith claims because "[c]entral to each cause of action is whether [the insurer's] use of the MMI standard to deny claims is unreasonable or an 'unfair or deceptive act or practice'"). Therefore, common questions of law and fact predominate under Rule 23(b)(3).

2.  Superiority

The Court must also consider whether a class action is superior to individual suits. "A class action is the superior method for managing litigation if no realistic alternative exists." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996). In determining whether a plaintiff has satisfied Rule 23(b)(3)'s superiority requirement, courts consider, among other factors: (i) the class members' interests in individually controlling their actions; (ii) the extent and nature of any litigation concerning the controversy involving class members; (iii) the desirability of concentrating the litigation in the particular forum; and (iv) the likely difficulties in managing a class action.[7]

*(i) Class Members' Interests in Individually Controlling Their Actions*

Esurance's PIP policy limit ranges from approximately $10,000 to $35,000. Treble damages and attorneys' fees are also available for CPA and IFCA claims in Washington (RCW 19.86.090; RCW 48.30.015). If individual damages suffered by each class member were relatively low, the first factor in the superiority analysis would weigh in favor of certifying a class. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001). Here, the large amount of potential relief and the availability of treble damages and attorneys' fees will provide substantial incentive for class members and their attorneys to prosecute claims individually. *See, e.g.*, *Contos v. Wells Fargo Escrow Co.*, 2010 WL 2679886, at *7 n.11 (W.D. Wash. July 1, 2010) (alternative to certification

---

[7] The parties do not discuss factors (ii) & (iii), and the Court concludes that those factors do not impact the certification analysis here.

was not "no case at all" where statute provided for attorneys' fees, which would encourage individual consumers to raise claims); *Fox-Quamme v. Health Net Health Plan of Oregon, Inc.*, 2017 WL 1034202, at *10 (D. Or. Mar. 9, 2017). This factor therefore weighs against class certification under Rule 23(b)(3).

*(ii)    Manageability Issues*

"When the complexities of class action treatment outweigh the benefits of considering common issues in one trial, class action treatment is not the 'superior' method of adjudication." *Zinser*, 253 F.3d at 1192. Class action treatment is not superior where "each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually." *Id.*

It must be possible for the Court to determine whether a particular Esurance insured is a member of the class in order to determine who will be entitled to relief and bound by the final judgment.[8] *Xavier v. Philip Morris USA Inc.*, 787 F. Supp. 2d 1075, 1089 (N.D. Cal. 2011). Although Plaintiff will be able to identify some of the class members based on the denial letters alone, in most instances, it will be difficult to determine whether Esurance denied, terminated, or limited PIP benefits using MMI without further discovery.

---

[8] There is a "well-settled presumption that courts should not refuse to certify a class merely on the basis of manageability concerns," but rather should look to "manageability as one component of the superiority inquiry." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128 (9th Cir. 2017) (quoting *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 663 (7th Cir. 2015)). Here, however, manageability is not the only factor in the superiority analysis that weighs against certifying a Rule 23(b)(3) class.

For example, after class discovery concluded, Plaintiff submitted 103 coverage denial letters. [9] *See* Defendant's Surreply, docket no. 79 at 2. Plaintiff contends that all of these letters support inclusion in the class under the proposed class definition. Plaintiff also argues that every letter that merely references MMI violates WAC 284-30-395(1). Defendant contends that 45 of the 103 letters do not meet Plaintiff's own class definition because it is unclear whether benefits were denied, terminated, or limited.[10] *Id.* Defendant also contends that 50 of the 58 remaining letters show that Esurance's denial was based on factors unrelated to MMI.[11] *Id.* at 3. Finally, Defendant contends that "only 8 letters even come close to supporting Plaintiff's theory, and even those require an individualized inquiry." *Id.* at 5.

---

[9] Plaintiff's Reply, docket no. 69, refers to 94 letters; Defendant's count is 103. Regardless of the number of letters, the Court's analysis remains the same.

[10] For example, one of the 45 letters cited by Defendant states that "Dr. Steven Wilson found that you are at maximum medical improvement for the injuries sustained in the 06/28/16 automobile accident, as of the date of your examination. Also, in his medical opinion, no further treatment is recommended." Rogers Decl., docket no. 68-1 at 14. Plaintiff's proposed class only includes those insureds whose benefits were denied, terminated, or limited. The letter does not state that benefits were actually denied, terminated, or limited. The submission of additional testimony, records, and affidavits could make clear that this insured would be part of the class if, for example, they showed that Esurance terminated benefits in connection with the letter. On the face of the letter alone, however, Plaintiff cannot show that this insured would be part of the proposed class.

[11] One such letter states that "[t]he Independent Medical Examination (IME) physician has advised us that in his opinion your client suffered a cervical, upper thoracic strain/sprain . . . and that he has reached his Maximum Medical Improvement for this loss. Esurance Insurance Company has determined that further benefits under your First Party Medical coverage [are] no longer reasonable, necessary or related, for any and all medical treatment, wage loss, household services, [and] diagnostics, effective May 3, 2018. No further payments will be considered for services after that date." Rogers Decl., docket no. 68-1 at 3, Ex. A. Here, it is not clear if the basis for the medical examiner's recommendation is the MMI mentioned in the letter. Rather, it is also likely that Esurance terminated coverage because it was no longer reasonable, necessary, or related, which are permissible termination reasons under WAC 284-30-395(1). Thus, on the face of this letter, it cannot be assumed that this insured would be part of Plaintiff's proposed class.

Plaintiff has already conducted class discovery. Even with that discovery, it is unclear, based on Plaintiff's own class definition, which insureds would be part of any proposed class. *See, e.g.*, *supra* notes 10 & 11. Determining who is in the class would likely require miniature trials.[12] The resources expended on these miniature trials would likely surpass the resources saved by litigating common issues of law and fact as a class action. *See Berry v. Transdev Servs., Inc.*, 2019 WL 117997, at *7 (W.D. Wash. Jan. 7, 2019), *leave to appeal denied*, 2019 WL 3302413 (9th Cir. June 26, 2019); *LaCasse v. Washington Mut., Inc.*, 198 F. Supp. 2d 1255, 1264 (W.D. Wash. 2002) ("Given that the Court would have to analyze each individual yield spread premium transaction, adjudication on a class basis would 'devolve into [a] . . . thicket of individualized claims,' defying the policy of judicial economy underlying Rule 23.") (quoting *Brancheau v. Residential Mortg. Grp.*, 177 F.R.D. 655, 663-64 (D. Min. 1997)). Therefore, this factor also weighs against class certification under Rule 23(b)(3).[13]

---

[12] In this regard, the facts here are distinguishable from *Durant*, in which the court certified an otherwise similar class. The *Durant* court noted "grave" manageability concerns but certified a class despite those concerns because the defendant insurance company kept detailed records of each claim as well as the specific basis for each denial. *Durant*, 2017 WL 950588, at *6 & n.5. Moreover, the insurance company defendant maintained reason codes, some of which pertained to coverage denial based on an MMI standard. Therefore, the class in *Durant* was more manageable than the class Plaintiff seeks to certify here. After discovery in this case, Plaintiff has been unable to produce a similar pattern of tracking claims.

[13] Defendant also contends that a class action is not manageable because a claim-by-claim review and readjustment of each insured's claim would be required to calculate damages. The necessity of individual damages determinations does not, on its own, defeat class certification. *See Helde v. Knight Transp., Inc.*, 2013 WL 5588311, at *5 (W.D. Wash. Oct. 9, 2013); *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013) ("[T]he presence of individualized damages cannot, by itself, defeat class certification under Rule 23(b)(3)."); *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975) ("The amount of damages is invariably an individual question and does not defeat class treatment.").

In sum, a class action would not be the superior method of resolving these claims. The Court therefore DENIES Plaintiff's Motion for Class Certification.[14]

IT IS SO ORDERED.

Dated this 6th day of February, 2020.

*Thomas S. Zilly*

Thomas S. Zilly
United States District Judge

---

[14] Defendant's Motion to Strike, docket no. 63, is STRICKEN as moot.

ORDER - 16